NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 4 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN PAUL WOODRUFF, AKA Wanag Tahatan-Bey, as Grantor for Kevin Woodruff Estate Tanya Stutson Estate, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MASON MCDUFFIE MORTGAGE CORPORATION; CITIGROUP GLOBAL MARKETS, INC.; US BANK, N.A., as Trustee for Securitized Trust Ginnie Mae Guaranteed Remic Trust 2017-134 Trust; TEXAS CAPITAL BANK, NA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; NATIONSTAR MORTGAGE, LLC; SECRETARY OF VETRANS AFFAIRS AS U.S. OFFICERS, <br><br> Defendants-Appellees. | No. 22-16476 <br><br> D.C. No. 3:22-cv-03124-WHO <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted July 18, 2023[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Kevin Paul Woodruff appeals pro se from the district court's judgment dismissing his action relating to the foreclosure of his home. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017). We affirm.

The district court properly dismissed Woodruff's action because Woodruff failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (courts are not required to accept as true allegations that "contradict matters properly subject to judicial notice or exhibit" or allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests are denied.

**AFFIRMED.**

22-16476